# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**DEREK PRATCHER**  **PETITIONER**
Reg. #21153-076

V.     NO. 2:24-cv-00178-BSM-ERE

**CHAD GARRETT,**
**Complex Warden, Forrest City FCC**  **RESPONDENT**

## RECOMMENDED DISPOSITION

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact, and Judge Miller can adopt this RD without independently reviewing the record.

## I.    Introduction

Petitioner Derek Pratcher, a Bureau of Prisons ("BOP") inmate housed at the Forrest City Low Federal Correctional Institution, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that the BOP failed to apply his earned time credits ("ETCs") as required under the First Step Act ("FSA"). *Doc. 1*. For reasons that follow, the petition should be dismissed without prejudice for failure to exhaust administrative remedies.

## II.     Background

On October 18, 2006, Mr. Pratcher pleaded guilty in the United States Court for the Western District of Tennessee to three counts of possession with intent to distribute cocaine. *Doc. 8-3*. On May 28, 2009,[1] he was sentenced to serve 210 months in the BOP, followed by three years of supervised release. *Id*. Mr. Patcher's expected release date is June 20, 2025. *Doc. 8-1*.

On December 21, 2018, Congress enacted the FSA, which includes a recidivism reduction program that gives BOP inmates the opportunity to obtain ETCs for successful participation in evidence-based recidivism reduction programs and productive activities. 18 U.S.C. § 3632(d)(4)(A). For eligible inmates, ETCs apply toward accelerated transfer to pre-release custody and supervised release as provided under 18 U.S.C. 3632(d)(4)(C), which states:

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners, as determined under section 3624(g), into prerelease custody or supervised release.

All BOP inmates may earn ETCs, but not all are eligible to have them apply toward early transfer to prerelease custody and supervised release. Eligibility

---

[1] Mr. Pratcher did not appear for a sentencing hearing scheduled for March 5, 2007, and a warrant issued for his arrest returned executed on June 19, 2008. *Doc 8-2 at 6*.

2

requirements for early transfer to prerelease custody include, among other things, that: (1) the inmate's last two reassessments under the BOP's Risk and Needs Assessment System ("System") show that he or she has a minimum or low risk to recidivate, 18 U.S.C. § 3624(g)(1)(D)(i)(I), *or* (2) the inmate has specific approval for early placement from the warden, after the warden's determination that the inmate: (a) would not be a danger to society if transferred to prerelease custody or supervised release; (b) has made a good faith effort to lower [his or her] recidivism risk through participation in recidivism reduction programs or productive activities; and (c) is unlikely to recidivate. 18 U.S.C. § 3624(g)(1)(D)(i)(II).

Accelerated transfer to supervised release requires, among other things, that the inmate has been determined under the System to be a minimum or low risk to recidivate pursuant to his or her last risk reassessment. 18 U.S.C. § 3624(g)(1)(D)(ii).

On September 24, 2024, Mr. Pratcher filed the § 2241 petition now before the Court. He alleges that the BOP failed to apply his ETCs as required under 18 U.S.C. § 3632(d)(4)(C).

It is undisputed that Mr. Pratcher has accumulated 365 days of ETCs toward release to supervised release and 355 days of ETCs toward early release to pre-release custody. *Doc. 8-4*. However, he has a medium recidivism score, which makes him ineligible to have his earned time credits: (1) apply toward his placement

3

in prerelease custody unless he has a petition approved by the Warden as required under § 3624(g)(1)(D)(i)(II); or (2) apply toward his transfer to supervised release unless he is determined under the System to be a minimum to low risk to recidivate. 18 U.S.C. § 3624(g)(1)(D)(ii).

Mr. Pratcher alleges that his BOP case manager submitted a petition for transfer to prerelease custody or supervised release to the Warden on his behalf, but he has not received a response. *Doc. 10 at 3*. According to Mr. Pratcher, he meets all the requirements necessary to secure the Warden's approval, but the BOP has a policy of categorically denying the application of ETCs for inmates with a medium or higher risk of recidivism, contrary to § 3624(g)(1)(D)(i)(II), which provides alternative eligibility criteria via warden approval.

On December 16, 2024, Respondent filed a response, asserting that Mr. Pratcher's petition should be dismissed for failure to exhaust administrative remedies or, alternatively, because he is not eligible to have his ETCs applied to early placement in prerelease custody. *Doc. 8*.

On January 13, 2025, Mr. Pratcher filed a reply. *Doc. 10.*

## III.  Discussion

A federal inmate must normally exhaust his administrative remedies before seeking habeas relief under § 2241. *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974). Although this judicially created exhaustion requirement is not mandated by statute, it is designed to serve several purposes including:

> (1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level.

*Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976) (citing *McKart v. United States*, 395 U.S. 185, 194-195 (1969)).

Respondent presents undisputed evidence that during Mr. Pratcher's incarceration, he has submitted fifteen grievances seeking an administrative remedy. *Doc. 8-1*. Two of those grievances seek placement in home confinement and possibly raise the same issues he presents here, but in both cases, Mr. Pratcher failed to appeal the initial decision through each level of the BOP's administrative grievance process.[2] *Id.*

---

[2] The BOP has a four-step administrative process for resolving inmate grievances: (1) an attempt at informal resolution with prison staff; (2) submission of a formal grievance to the Warden, on form BP-9, delivered to the institution staff member designated to it; (3) an appeal of an unfavorable Warden's decision to the appropriate Regional Director, on form BP-10; and (4) an appeal of an unfavorable Regional Director's decision to the General Counsel, on form BP-11. See 28 C.F.R. §§ 542.13–542.18. Proper exhaustion of administrative remedies "'means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the

Mr. Pratcher acknowledges that he did not exhaust his administrative remedies before he filed his § 2241 petition. *Doc. 1-1 at 2*. However, he asks the Court to excuse his failure on the ground that exhaustion of administrative remedies in this case would be futile. According to Mr. Pratcher, he completed two of four stages of the BOP's administrative remedy process, and the BOP made clear that it will not apply his ETCs toward early placement in prerelease custody or transfer to supervised release. *Id*. He alleges that as a matter of BOP policy, any inmate with a medium recidivism score is categorically ineligible for application of ETCs, regardless of whether the inmate meets alternative eligibility requirements provided under § 3624(g)(1)(D).³

The Eighth Circuit has recognized that courts may craft exceptions to judicially created exhaustion requirements "where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the . . . administrative agency below." *Frango v. Gonzales*, 437 F.3d 726, 728–29 (8th Cir. 2006) (quoting *Hormel v. Helvering,* 312 U.S. 552, 557 (1941)). The exhaustion

---

merits).'" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

³ Mr. Pratcher states that BOP Program Statement 5410.01, CN2, *First Step Act of 2018–Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)* (March 3, 2023), provides that the Bureau may apply ETCs only when an inmate has maintained a minimum or low risk of recidivism, with no exceptions. *Doc. 1-1 at 4*. However, Program Statement 5410.01, Section 10(c) includes word for word, the alternative eligibility requirements set forth under § 3624(g)(1)(D).

6

requirement may be excused, for example, where a party shows that pursuing an administrative remedy would be futile, *Id*. (citing *City Bank Farmers' Trust Co. v. Schnader,* 291 U.S. 24, 34 (1934)), but Mr. Pratcher fails to make that showing, and he offers no cogent reason why he should be exempt from exhausting the BOP's administrative remedy process.

Whether Mr. Pratcher is entitled to have his ETCs applied to his placement in prerelease custody or supervised release depends on facts absent from the current record, which are best developed in the administrative process. Mr. Pratcher must present his claim to the BOP, and follow each step of the administrative exhaustion process, *before* seeking relief in federal court. If, after properly exhausting his administrative remedies, Mr. Pratcher disputes the BOP's final decision, he may return to federal court and seek relief under § 2241.

## IV. Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner Derek Pratcher's petition for writ of habeas corpus (*Doc. 1*) be DENIED, and the case DISMISSED WITHOUT PREJUDICE.

Dated 14 February 2025.

_____
UNITED STATES MAGISTRATE JUDGE